**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| ROBERT FREDERICK, <br><br> Plaintiff, <br><br> v. <br><br> LAFAYETTE FEDERAL CREDIT UNION, and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | Case No.  5:24-cv-00900 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** ROBERT FREDERICK ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of LAFAYETTE FEDERAL CREDIT UNION ("LFCU"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1.       Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681.

1

**JURISDICTION AND VENUE**

2.     Subject matter jurisdiction is conferred upon this Court by the FCRA, 11 U.S.C. § 524, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Central District of California, Defendants conduct business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

4.     Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5.     Plaintiff is a consumer and natural person, over 18 years of age, who at all times relevant resided in the Central District of California.

6.     LFCU is a credit union that offers consumer loans to it members. LFCU is headquartered at the Norman Cohen Financial Service Center with its principal place of business is located at 3535 University Blvd, Rockville, Maryland 20850.

7.     Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in

the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

<b>BANKRUPTCY CASE</b>

8.    On March 15, 2023, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United State Bankruptcy Court, Central District of California, Case number 6:23-bk-11004-MH ("bankruptcy").

9.    Schedule E/F of the bankruptcy petition listed an unsecured pre-petition debt to LFCU ("subject debt").

10.    Because Plaintiff listed LFCU as a creditor, the Bankruptcy Noticing Center ("BNC") served LFCU with notice of Plaintiff's bankruptcy filing.

11.    Plaintiff fully performed his duties as required by his Chapter 7 bankruptcy.

12.    On June 26, 2023, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case, discharging all debts, including the subject debt to LFCU.

13.    Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by LFCU, or any other party.

14.    Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating the business relationship with LFCU, and any of its successors and assigns.

3

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EQUIFAX**

15.    In July 2023, Plaintiff pulled his credit reports to make sure LFCU was reporting accurate and complete information in his credit file. Plaintiff discovered that Equifax, and LFCU were reporting the subject debt inaccurately ("subject account").

16.    Specifically, Defendants reported the subject debt with a status of over 120 days past due, a balance of $1,991, and no indication that Plaintiff's liability was severed in his bankruptcy.

17.    The reporting of the subject debt was inaccurate, incomplete, and materially misleading because the subject debt was discharged in Plaintiff's bankruptcy on June 26, 2023.

a.    **Plaintiff's Disputes to Equifax**

18.    On July 26, 2023, Plaintiff submitted a dispute to Equifax requesting Equifax to accurately report the subject debt.

19.    Plaintiff submitted his dispute to Equifax via Equifax's online dispute process. Plaintiff's dispute was received by Equifax and Plaintiff received a confirmation number of 3210526859.

20.    Upon information and belief, LFCU received notice of Plaintiff's dispute Equifax within five days of Equifax receiving Plaintiff's online dispute. *See* 15 U.S. Code §1681i(a)(2).

21.    On August 22, 2023, Equifax responded to Plaintiff's dispute and failed

to update its records to accurately reflect that the subject debt was discharged in Plaintiff's bankruptcy.

22.    On August 22, 2023, Equifax responded to Plaintiff's dispute by failing to properly reinvestigate Plaintiff's dispute. Specifically, Defendants continued to report the subject debt as due and owing, including a balance of $1,991, and a current status of 120 days past due.

23.    On September 8, 2023, Plaintiff submitted a dispute to Equifax requesting Equifax to accurately report the subject debt.

24.    Plaintiff submitted his dispute to Equifax via Equifax's online dispute process. Plaintiff's dispute was received by Equifax and Plaintiff received a confirmation number of 3252512365.

25.    Upon information and belief, LFCU received notice of Plaintiff's dispute Equifax within five days of Equifax receiving Plaintiff's dispute. *See* 15 U.S. Code §1681i(a)(2).

26.    On September 9, 2023, Equifax responded to Plaintiff's dispute and failed to update its records accurately reflect the subject debt was discharged in Plaintiff's bankruptcy. Specifically, Defendants continued to report the subject debt as due and owing, including a balance of $1,991, and a current status of 120 days past due.

27.    On September 17, 2023, Plaintiff submitted a third dispute to Equifax requesting Defendants to accurately report the subject debt.

28.    Plaintiff submitted his dispute to Equifax via Equifax's online dispute process. Plaintiff's dispute was received by Equifax and Plaintiff received a confirmation number of 3260504650.

29.    Upon information and belief, LFCU received notice of Plaintiff's third dispute within five days of Equifax receiving Plaintiff's online dispute. *See* 15 U.S. Code §1681i(a)(2).

30.    On September 17, 2023, Equifax responded to Plaintiff's dispute and failed to update its records accurately reflect the subject debt was discharged in Plaintiff's bankruptcy. Specifically, Defendants continued to report the subject debt as due and owing, including a balance of $1,990, a current status of 120 days past due, and a derogatory notation of charge off.

31.    On October 23, 2023, Plaintiff submitted a fourth dispute to Equifax requesting Equifax to accurately report the subject debt as it was discharged in Plaintiff's bankruptcy.

32.    Plaintiff submitted his dispute to Equifax via Equifax's online dispute process. Plaintiff's dispute was received by Equifax and Plaintiff received a confirmation number of 3297507780.

33.    Upon information and belief, LFCU received notice of Plaintiff's dispute within five days of Equifax receiving Plaintiff's online dispute. *See* 15 U.S. Code §1681i(a)(2).

34.    On November 2, 2023, Equifax responded to Plaintiff's dispute and

failed to update its records accurately reflect the subject debt was discharged in Plaintiff's bankruptcy. Specifically, Defendants continued to report the subject debt as due and owing, including a balance of $1,991, a current status of 120 days past due, and a derogatory notation of charge off. Defendants failed to properly reinvestigate Plaintiff's dispute.

35.     Feeling defeated, On January 17, 2024, Plaintiff submitted another dispute to Equifax requesting Defendants to accurately report the subject debt to report a $0 Balance, no past due amount, and a status of discharged in bankruptcy.

36.     Plaintiff submitted his dispute to Equifax via Equifax's online dispute process. Plaintiff's dispute was received by Equifax and Plaintiff received a confirmation number of 4019507461.

37.     Upon information and belief, LFCU received notice of Plaintiff's dispute within five days of Equifax receiving Plaintiff's online dispute. *See* 15 U.S. Code §1681i(a)(2).

38.     On January 24, 2024, Equifax responded to Plaintiff's dispute by failing to properly investigate and reinvestigate Plaintiff's dispute. Specifically, Defendants continued to report the subject debt as due and owing, including a balance of $1,991, a current status of 120 days past due, and a derogatory notation of charge off. Defendants failed to properly reinvestigate Plaintiff's dispute.

39.     On February 2, 2024, Plaintiff submitted a dispute to Equifax requesting Equifax to accurately report the subject debt.

40.    Plaintiff submitted his dispute to Equifax via Equifax's online dispute process. Plaintiff's dispute was received by Equifax and Plaintiff received a confirmation number of 4034513654.

41.    Upon information and belief, LFCU received notice of Plaintiff's dispute within five days of Equifax receiving Plaintiff's dispute. *See* 15 U.S. Code §1681i(a)(2).

42.    Throughout Plaintiff's multiple disputes to Defendants, Defendants were inept to correct the inaccurate reporting of the subject debt. On February 10, 2024, Equifax responded to Plaintiff's dispute and failed to update its records accurately reflect the subject debt was discharged in Plaintiff's bankruptcy.

43.    On February 10, 2024, Equifax responded to Plaintiff's dispute by failing to properly reinvestigate Plaintiff's dispute. Equifax failed to review and consider all of the relevant information submitted by Plaintiff.

**b.    Equifax's Failure to Correct Inaccurate Reporting**

44.    Plaintiff's Equifax report revealed that the subject debt was still reporting as follows: (1) a balance of $1,990; (2) status as Charge Off; and (3) no bankruptcy discharge notations. To date, Defendants have failed to properly update and report accurate information despite Plaintiff putting Defendants on notice of the inaccurate and materially misleading information on no less than eight (8) occasions.

45.    Moreover, despite receiving Plaintiff's multiple disputes, Equifax, and LFCU failed to report the LFCU trade line as discharged in bankruptcy.

46.    The reporting of the LFCU trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff still owes a balance on the subject debt; however, Plaintiff is no longer delinquent on the subject debt by virtue of his bankruptcy discharge.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

47.    Defendants erroneous reporting of the LFCU account painted a false and damaging image of Plaintiff.

48.    The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

49.    The inaccurate and incomplete reporting of the subject debt continues to have significant adverse effects on Plaintiff's credit rating and his ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject debt and is still obligated to pay on the subject debt, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

50.    Specifically, On January 23, 2024, Plaintiff was denied a Citizen's Bank credit opportunity as a result of Defendants' continued inaccurate reporting.

51.    Even more, Lendmark Financial Services granted Plaintiff a high interest finance opportunity, for less than Plaintiff requested, as a result of the inaccurate reporting by Defendants.

52.   Furthermore, on April 1, 2024, Plaintiff was denied a Regional Finance credit opportunity as a result of Defendants' inaccurate reporting.

53.   Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and materially misleading reporting of the subject debt after Plaintiff's various disputes.

54.   As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

55.   Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the LFCU trade line.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST LFCU)

56.   Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57.   Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

58.   LFCU is a "person" as defined by 15 U.S.C. §1681a(b).

59.   LFCU is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

60.   At all times relevant, the above mentioned credit reports were

10

"consumer reports" as the term is defined by §1681a(d)(1).

61.    LFCU violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

62.    LFCU violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

63.    Had LFCU reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designations of the subject debt, and transmitted the correct information to Equifax. Instead, LFCU wrongfully and erroneously confirmed and re-confirmed its inaccurate and materially misleading reporting without conducting a reasonable investigation.

64.    LFCU violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with Equifax.

65.    LFCU violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

66.    LFCU violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

67.    LFCU failed to conduct a reasonable investigation of its reporting of the

11

subject account, record that the information was disputed, or delete the inaccurate

information from Plaintiff's Equifax credit files within 30 days of receiving notice of

the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

68.    Despite the blatantly obvious errors in Plaintiff's Equifax credit files,

and Plaintiff's efforts to correct the errors, LFCU did not correct the errors or trade

line to report accurately. Instead, LFCU wrongfully furnished, reported and re-

reported the inaccurate and misleading information after Plaintiff's disputes to one

or more third parties.

69.    Moreover, LFCU failed to report the subject debt as discharged in

bankruptcy in his Equifax credit file.

70.    A reasonable investigation by LFCU would have confirmed the veracity

of Plaintiff's disputes, yet the inaccurate information remains in Plaintiff's Equifax

credit files.

71.    Had LFCU taken steps to investigate Plaintiff's valid disputes or

Equifax's requests for investigation and re-investigation, it would have permanently

corrected the erroneous and misleading credit reporting.

72.    By deviating from the standards established by the credit union industry

and the FCRA, LFCU acted with reckless and willful disregard for its duty as a

furnisher to report accurate and complete consumer credit information to Equifax.

73.    As alleged above, Plaintiff was harmed by LFCU's conduct.

**WHEREFORE**, Plaintiff ROBERT FREDERICK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing Discover to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

74.  Plaintiff restates and realleges paragraphs 1 through 73 as though fully set forth herein.

13

75.    Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

76.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

77.    At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

78.    At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

79.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

80.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

81.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

82.    Plaintiff provided Equifax with all relevant information in his request for investigation and reinvestigation to reflect his bankruptcy discharge and that he

14

is no longer personally liable for the subject debt.

83.    Equifax prepared Plaintiff's credit reports containing inaccurate, incomplete, and materially misleading information by failing to report that the subject debt was discharged through Plaintiff's bankruptcy and Plaintiff was no longer personally liable for the subject debt.

84.    Equifax failed to report the LFCU trade line as discharged in bankruptcy.

85.    A simple review of the relevant information submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

86.    Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

87.    Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

88.    Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that the subject debt was discharged in Plaintiff's bankruptcy on June 26, 2023.

89.    Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide

notification of Plaintiff's dispute to LFCU. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to LFCU regarding Plaintiff's disputes that Equifax received from Plaintiff.

90.    Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding the subject debt.

91.    Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's numerous disputes.

92.    After Plaintiff's copious disputes, Equifax had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject debt.

93.    Equifax knew that the inaccurate reporting of the subject debt in Plaintiff's credit files under the LFCU trade line as delinquent, after his bankruptcy discharge, would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing his bankruptcy.

94.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

95.    Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

16

96.    By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

97.    It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

98.    Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately and completely.

99.    Equifax acted reprehensively and carelessly by failing to report and continuously re-reporting the subject debt without any disclosure that the subject debt was discharged in bankruptcy.

100.    Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

101.    As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff ROBERT FREDERICK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.   Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

18

Date: April 29, 2024

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Atlas Consumer Law
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com