SULAIMAN LAW GROUP, LTD.
Alexander J. Taylor (State Bar No. 332334)
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT FREDERICK,<br><br>Plaintiff,<br><br>v.<br><br>LAFAYETTE FEDERAL CREDIT UNION, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. 5:24-cv-00900-WLH-JC<br><br>**SECOND AMENDED JOINT RULE 26(f) REPORT: MANDATORY SCHEDULING CONFERENCE SET FOR AUGUST 16, 2024 (Amended to add Equifax's Statements)**<br><br>Original Complaint: 04/29/2024<br>Responsive Pleading (Equifax): 07/05/2024<br>Responsive Pleading (LFCU): 07/12/2024<br>Trial (Proposed): 10/08/2025 |

Pursuant to the Court's Order [Dkt. No. 18], Plaintiff, ROBERT FREDERICK ("Plaintiff"), and Defendants, LAFAYETTE FEDERAL CREDIT UNION ("LFCU"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), (collectively "Defendants") (collectively, the "Parties") submit the following Joint Rule 26(f) Report:

   1.   Statement of the Case:

   **Plaintiff's Statement:** On March 15, 2023, Plaintiff filed a Chapter 7

1

Bankruptcy Petition in the United State Bankruptcy Court, Central District of California, Case number 6:23- bk-11004-MH ("bankruptcy") which listed an unsecured pre-petition debt to LFCU ("subject debt"). On June 26, 2023, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case, discharging all debts, including the subject debt to LFCU. In July 2023, Plaintiff pulled his credit reports to make sure LFCU was reporting accurate and complete information in his credit file. Plaintiff discovered that Equifax and LFCU were reporting the subject debt inaccurately ("subject account"). The reporting of the subject debt was inaccurate, incomplete, and materially misleading because the subject debt was discharged in Plaintiff's bankruptcy on June 26, 2023. On July 26, September 8, September 17, October 4, 2023, January 17, and February 2, 2024, Plaintiff submitted disputes to Equifax via Equifax's online dispute process requesting Equifax to accurately report the subject debt. After the Plaintiff submitted each of his disputes, Equifax responded to Plaintiff's dispute and failed to update its records to accurately reflect that the subject debt was discharged in Plaintiff's bankruptcy. Moreover, despite receiving Plaintiff's multiple disputes, Equifax, and LFCU failed to report the LFCU trade line as discharged in bankruptcy. The reporting of the LFCU trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff still owes a balance on the subject debt; however, Plaintiff is no longer delinquent on the subject debt by virtue of his bankruptcy discharge.

**Defendant's Statement:**

Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, and any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

LFCU is a furnisher of credit information, not a credit reporting agency. Plaintiff had taken a loan from LFCU, which was discharged in Plaintiff's bankruptcy proceedings. LFCU properly reported the status of the loan to Equifax. As such, LFCU did not cause any damages. Plaintiff has also not provided any information regarding the damages he purportedly sustained as a result of LFCU's furnishing of accurate information regarding his loan and the status.

**2.** <u>Subject Matter Jurisdiction</u>**:** Subject matter jurisdiction is conferred upon this Court by the FCRA, 11 U.S.C. § 524, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.  Legal Issues:

**Plaintiff's Statement:** Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681. Specifically, Plaintiff alleges that Defendant violated the FCRA by inaccurately reporting a debt that was discharged in Chapter 7 Bankruptcy. The reporting of the subject debt was inaccurate, incomplete, and materially misleading because the subject debt was discharged in Plaintiff's bankruptcy on June 26, 2023.

**Defendants' Statement**

Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, and any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

Defendant LFCU denies Plaintiff's claims and that it violated any provision of the FCRA or any other applicable statutory provision. LFCU accurately furnished

Plaintiff's information to Equifax. LFCU complied with all of its procedures for furnishing accurate credit information. LFCU disputes that Plaintiff is entitled to any relief sought by Plaintiff including any request for punitive damages. LFCU reserves its right to assert additional defenses as discovery progresses.

4.  <u>Parties, Evidence, etc.</u>: Plaintiff is a consumer and natural person, over 18 years of age, who at all times relevant resided in the Central District of California.

LFCU is a credit union that offers consumer loans to it members. LFCU is headquartered at the Norman Cohen Financial Service Center with its principal place of business located at 3535 University Blvd, Rockville, Maryland 20850.

Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

Though discovery has not yet commenced so the listing of evidence may be somewhat premature, Plaintiff contends both Plaintiff and those with knowledge related to Defendants' actions, procedures, and communications may be witnesses.

5.  <u>Damages</u>: Plaintiff seeks actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations; statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n; punitive damages, in

an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; as well as costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o.

    6.    <u>Insurance</u>: Plaintiff is unaware of an insurance policy relating to Plaintiff which is applicable to this case.

    7.    <u>Motions</u>:

    a) <u>Procedural Motions</u>: Procedural motions are unanticipated by the Parties at this time.

    b) <u>Dispositive Motions</u>: The Parties anticipate filing motions for summary judgment and/or partial summary judgment no later than June 16, 2025.

    c) <u>Class Certification Motion</u>: A Class Certification Motion is unanticipated by the Parties at this time.

    8.    <u>Manual for Complex Litigation</u>: The Parties do not believe the Manual for Complex Litigation need be utilized.

    9.    <u>Discovery</u>:

    a) <u>Status of Discovery</u>: The Parties agree initial disclosures shall be made on or before September 16, 2024. The Parties intend to serve written discovery on or before October 16, 2024. The Parties do not anticipate discovery disputes at this time.

    b) <u>Discovery Plan</u>: The Parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule

26(a) and anticipate that discovery shall be completed by July 14, 2025. Plaintiff anticipates conducting discovery related to Defendant's practices, procedures, communications, recordings, documents, that pertain to the subject debt and bankruptcy. Plaintiff's anticipated discovery devices include written discovery, depositions, and subpoena should it be necessary.

c) <u>Discovery Cut-Off:</u> The Parties propose a fact discovery cut-off of May 16, 2025.

d) <u>Expert Discovery:</u> The Parties propose an initial expert disclosure cut-off of May 30, 2025, a rebuttal disclosure cut-off of June 13, 2025, and an expert discovery cut-off of June 13, 2025.

e) <u>Settlement Conference/Alternative Dispute Resolution (ADR):</u> Early settlement discussions have occurred. The Parties request the Court's permission for a Magistrate Judge settlement conference after discovery closes.

f) <u>Trial:</u>

    i. Trial Estimate: The Parties estimate 3 days for a jury trial.

    ii. Jury or Court Trial: Jury Trial

    iii. Consent to Trial Before a Magistrate Judge: The parties do not consent to the jurisdiction of a magistrate judge.

    iv. Lead Trial Counsel:

7

Plaintiff:

Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com

Defendant (Equifax):

Thomas P. Quinn, Jr., Esq.
California Bar No. 132268
Nokes & Quinn
410 Broadway, Suite 200
Laguna Beach, CA 92651
Telephone: (949) 376-3500
tquinn@nokesquinn.com

Defendant (LFCU):

Antoinette P. Hewitt, Esq.
California Bar No 181099
Kutak Rock LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Antoinette.Hewitt@kutakrock.com
irvineintake@kutakrock.com

g) <u>Independent Expert or Master:</u> The Parties do not anticipate the need for an Independent Expert or Master, pursuant to Fed. R. Civ. P. 53, at this time.

h) <u>Other Issues:</u> The Parties are unaware of any other issues at this time.

DATED:  August 1, 2022                          Respectfully submitted,

 /s/ *Alexander J. Taylor*                         /s/ *Thomas P. Quinn, Jr.*

8

| | |
|---|---|
| Alexander J. Taylor, Esq. | Thomas P. Quinn, Jr., Esq. |
| California Bar No. 332334 | California Bar No. 132268 |
| Sulaiman Law Group, Ltd | Nokes & Quinn |
| 2500 S Highland Ave, Suite 200 | 410 Broadway, Suite 200 |
| Lombard, Illinois 60148 | Laguna Beach, CA 92651 |
| Telephone: (630) 575-8181 | Telephone: (949) 376-3500 |
| ataylor@sulaimanlaw.com | tquinn@nokesquinn.com |
| *Counsel for Plaintiff* | *Counsel for Defendant Equifax Information Services LLC* |

*/s/ Antoinette P. Hewitt*
Antoinette P. Hewitt, Esq.
California Bar No 181099
Kutak Rock LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Antoinette.Hewitt@kutakrock.com
irvineintake@kutakrock.com
*Counsel for Experian Information Solutions, Inc.*